IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

ADAM SCHMID,

        Defendant.

8:08CR92

MEMORANDUM AND ORDER

This matter is before the court on defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. Filing No. 73.

In his § 2255 motion, Adam Schmid ("Schmid") alleges a claim of ineffective assistance of counsel in connection with his plea agreement and sentencing. Multiple attorneys represented Schmid in the course of these proceedings. Mr. Jeffrey Thomas ("Mr. Thomas") of the Federal Public Defender's Office originally represented Schmid. On July 17, 2008, Schmid retained Mr. James M. Davis ("Mr. Davis") and Mr. Thomas withdrew as counsel. Filing No. 36. Mr. Davis withdrew as counsel on April 2, 2009, prior to the plea hearing. Filing No. 50. Thereafter Schmid retained Mr. James Mitchell ("Mr. Mitchell"). Filing No. 57. Mr. Mitchell served as counsel during Schmid's guilty plea and plea agreement. The attorney of record for this motion is Mr. Alan G. Stoler.

Schmid specifically identifies two counsel for these ineffective assistance of counsel claims: Mr. Davis and Mr. Mitchell. Schmid alleges ineffective assistance of counsel against Mr. Davis for the following reasons: (1) counsel was unwilling to take the case to trial, (2) counsel was unwilling to explore evidence related to the computer that may have been exculpatory, (3) counsel scheduled plea hearings without consulting with Schmid, and (4) counsel withdrew from representation on the date of the

plea. Filing No. 73. Schmid alleges ineffective assistance of counsel against Mr. Mitchell for the following reasons: (1) counsel was unfamiliar with federal criminal proceedings and (2) counsel instructed Schmid to respond affirmatively when asked by the court whether he understood he would receive 5 years in prison under the plea agreement. Filing No. 73. Schmid also raises the following claims against both attorneys: (1) the attorneys told Schmid that he could not raise a no-contest plea, (2) the attorneys led Schmid to believe that he should plead guilty, not because he was guilty, but to receive a sentence of less than 5 years, and (3) the attorneys told Schmid that the court would consider Schmid's background and specific circumstances during sentencing. Filing No. 73. The court will address each claim.

## Standard of Review

Under 28 U.S.C. § 2255, a federal prisoner has "an avenue for relief if his 'sentence was imposed in violation of the Constitution or laws of the United States, or . . . was in excess of the maximum authorized by law.'" *King v. United States*, 595 F.3d 844, 852 (8th Cir. 2010) (quoting 28 U.S.C.A. § 2255(a)). Ineffective assistance of counsel issues are appropriately raised in collateral proceedings. *See United States v. Hughes*, 330 F.3d 1068, 1069 (8th Cir. 2003). "The right to counsel is a fundamental right of criminal defendants; it assures the fairness, and thus the legitimacy, of our adversary process." *Kimmelman v. Morrison*, 477 U.S. 365, 374 (1986). Under the Fifth and Sixth Amendments, a criminal defendant is entitled to assistance of counsel at trial and at his first appeal as of right. *See Gideon v. Wainwright,* 372 U.S. 335, 344 (1963); *Evitts v. Lucey,* 469 U.S. 387, 392-93 (1985) (the fundamental right to effective assistance of counsel extends to a criminal defendant's first appeal as of right). The

right to counsel includes the right to reasonably effective counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). In order to make out a claim of ineffective assistance, a petitioner must satisfy the familiar *Strickland* standard, "which requires a showing 'that his lawyer's performance fell below the minimum standards of professional competence (deficient performance) and that there is a reasonable probability that the result of the proceedings would have been different if his lawyer had performed competently (prejudice).'" *King v. United States*, 595 F.3d at 852 (quoting *Alaniz v. United States*, 351 F.3d 365, 367-68 (8th Cir. 2003)).

Deficient performance "is that which falls below the 'range of competence demanded of attorneys in criminal cases.'" *Sinisterra v. United States*, 600 F.3d 900, 906 (2010) (quoting *Strickland*, 466 U.S. at 687). "The standard is an objective one, viewed in light of professional norms prevailing when the representation took place." *Id.*; *Bobby v. Van Hook*, 130 S. Ct. 13, 16 (2009) (per curiam). We must consider "whether counsel's assistance was reasonable considering all the circumstances." *Strickland*, 466 U.S. at 688. The reasonableness of counsel's challenged conduct must be judged on the facts of the particular case, viewed as of the time of counsel's conduct. *King*, 595 F.3d at 852.

Under *Strickland*, strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable. *Rodela-Aguilar v. United States*, 596 F.3d 457, 464 (8th Cir. 2010) (quoting *Strickland*, 466 U.S. at 690). The Eighth Circuit has "consistently held that a reasoned decision not to call a witness 'is a virtually unchallengeable decision of trial strategy,' in part because 'there is considerable risk inherent in calling any witness because if the witness does not hold up

well on cross-examination, the jurors might draw unfavorable inferences.'" *Id.* (quoting *United States v. Staples*, 410 F.3d 484, 488-89 (8th Cir. 2005)). Also, counsel is not necessarily ineffective for failing to raise an argument that may have had merit but was a wholly novel claim at the time. *See King,* 595 F.3d at 853; *Alaniz,* 351 F.3d at 368 (finding deficient performance in failure to raise improper aggregation of drug quantity at sentencing and on appeal).

To establish prejudice under *Strickland*, a petitioner must "demonstrate that there is a reasonable probability that, but for counsel's claimed unprofessional errors, the result of the proceeding would have been different." *Christenson v. Ault,* 598 F.3d 990, 996 (2010). In the sentencing context, prejudice can be found with a showing that, had an argument been presented, a defendant likely would have received a much shorter sentence. *King,* 595 F.3d at 852-53. "An error increasing a defendant's sentence by as little as six months can be prejudicial within the meaning of *Strickland*." *Alaniz,* 351 F.3d at 368; *see also United States v. Spigner,* 416 F.3d 708, 711 (8th Cir. 2005); *King,* 595 F.3d at 853-54.

### Ineffective Assistance of Counsel Claim Against Mr. Davis

Schmid alleges ineffective assistance of counsel against Mr. Davis for the following reasons: (1) counsel was unwilling to take the case to trial, (2) counsel was unwilling to explore evidence related to the computer that may have been exculpatory, (3) counsel scheduled plea hearings without consulting with Schmid, and (4) counsel withdrew from representation on the date of the plea. The court finds these claims are without merit.

4

To meet the *Strickland* standard, Schmid must show that Mr. Davis's performance was deficient, and that there is a reasonable probability the outcome of the proceedings would have been different if counsel had performed competently. Schmid has not shown that any of counsel's actions fell below professional standards. Schmid does not provide evidence that counsel's unwillingness to take the case to trial was unreasonable under the circumstances. Schmid does not state what specific evidence related to his computer is relevant to show that counsel's actions were unreasonable. Schmid also does not explain how counsel's actions in scheduling plea hearings or withdrawing on the date of representation were unreasonable.

Further, Schmid has not indicated a reasonable probability that the outcome of the proceedings would change had counsel's representation been different. Schmid faced a range of 78-97 months in prison under the advisory sentencing guidelines. Filing No. 70, Sentencing Memorandum at 11. If Schmid had gone to trial, he faced a mandatory minimum 5-year sentence under a guilty verdict.[1] *Id.* at 12. Schmid has not provided evidence to show a reasonable probability that he would have been acquitted or faced less time in jail than the 5 years he received under the plea agreement. Schmid's allegations against Mr. Davis do not meet the *Strickland* standard to show either deficient performance by counsel or prejudice, and therefore are without merit.

**Ineffective Assistance of Counsel Claim Against Mr. Mitchell**

Schmid alleges ineffective assistance of counsel against Mr. Mitchell for the following reasons: (1) counsel was unfamiliar with federal criminal proceedings and (2) counsel instructed Schmid to respond affirmatively when asked by the court whether he

---

[1] In accordance with the plea agreement, the government agreed to dismiss the charge that carried a mandatory minimum 5-year sentence. Filing No. 70, Sentencing Memorandum at 12.

5

understood he would receive 5 years in prison under the plea agreement. The court finds these claims are without merit.

Schmid has not shown either that Mr. Mitchell's representation was deficient or that, absent counsel's actions, the outcome of the proceedings would have changed. Schmid has not alleged how counsel's actions were unreasonable. Schmid has not stated how counsel's alleged unfamiliarity with federal criminal proceedings resulted in actions that fell below professional standards. Schmid has also not explained how Schmid's affirmative response to the court regarding his understanding of the plea agreement was caused by unreasonable actions by counsel. Mr. Mitchell's actions do not constitute deficient performance.

Further, Schmid has not indicated how these actions by counsel prejudiced his case. Schmid faced a sentencing range of 78-97 months under the guidelines, and he would have been charged with an additional count carrying a 5-year mandatory minimum sentence had he not entered into the plea agreement. Filing No. [70](), Sentencing Memorandum at 12. A defendant must knowingly and voluntarily enter into the plea agreement for it to be valid. [U.S. v. Andis, 333 F.3d 886, 890 (8th Cir. 2003)](). To ensure that a defendant knowingly and voluntarily enters into the plea agreement, the district court should "properly question [the] defendant about his or her decision to enter that agreement." [Andis, 333 F.3d at 890](). The court thoroughly questioned Schmid about the plea agreement and his understanding of the plea agreement terms. Filing No. [66](), Plea Transcript at 10-14. Schmid indicated during his plea hearing that he understood his plea agreement, and that he specifically understood that he would be sentenced to 60 months in jail. Filing No. [66](), Plea Transcript at 13. The court

subsequently determined that the plea agreement was fair. Filing No. 70, Sentencing Memorandum at 11-12. Schmid has not provided any evidence that his proceedings would have led to either a shorter sentence or an acquittal had he had different representation. Counsel's performance in connection with the plea agreement was not deficient, and Schmid has not shown that there is a reasonable probability there would have been a different outcome but for counsel's actions.

## Additional Claims

Schmid also raises general claims against both attorneys: (1) the attorneys told Schmid that he could not raise a no-contest plea, (2) the attorneys led Schmid to believe that he should plead guilty, not because he was guilty, but to receive a sentence of less than 5 years, and (3) the attorneys told Schmid that the court would consider Schmid's background and specific circumstances during sentencing. These claims are without merit.

Schmid has not alleged how these actions fell below professional standards for either attorney. Further, Schmid has not shown how these actions prejudiced his case to the point that there was a reasonable probability the proceedings would have led to a different outcome absent these actions. As stated previously, Schmid faced a minimum sentence under the sentencing guidelines of 78-97 months in prison. Had he exercised his right to trial, Schmid was subject to a second count that carried a mandatory minimum 5-year sentence. Schmid has not alleged that he would have been acquitted at trial or that there was is a reasonable probability he would have received a lesser sentence.

To specifically address the last allegation, the court did consider Schmid's military service, employment, educational background, and lack of criminal history among other considerations during sentencing. Filing No. 70, Sentencing Memorandum at 16. The court concluded that the sentence was fair in light of these factors. *Id.* Schmid's general allegations against both attorneys do not meet the *Strickland* standard to show either deficient performance by counsel or prejudice, and therefore are without merit.

THEREFORE, IT IS ORDERED that the defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, Filing No. 73, is denied.

Dated this 19th day of July, 2012.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge